# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:19CR00005 |
| v. | **OPINION AND ORDER** |
| MITCHELL NORBERT NICHOLAS, | By: James P. Jones |
| | United States District Judge |
| Defendant. | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, and Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

In this prosecution for mailing letters to two federal judges threatening to murder them, the defendant has moved in advance of trial to prohibit the United States from introducing evidence under Rule 404(b) that the defendant at about the same time also attempted to send a similar letter to the President.

The defendant, Mitchell Norbert Nicholas, an inmate at the Red Onion State Prison, located in this judicial district, is charged with violations of 18 U.S.C. §§ 876(c) and 115(a)(1)(B), (b)(4) by sending letters on or about November 5, 2018, to two federal judges of the United States District Court for the Virgin Islands, threatening to murder them. Nicholas is serving a life sentence for first degree murder imposed in 2007 by the Superior Court of the Virgin Islands and it appears that the targeted federal judges had handled a matter brought by Nicholas. *See*

*Nicholas v. Virgin Islands*, No. 2013-75, 2015 WL 1503425 (D.V.I. Mar. 27, 2015), *certificate of appealability denied,* No. 15-1920 (3d Cir. Oct. 20, 2015).

Upon receipt of the letters, an investigation by the U.S. Marshals Service ensued. Nicholas was interviewed by deputy U.S. marshals at the Red Onion State Prison on November 20, 2018. According to the deputy marshals, Nichols admitted writing the letters. He explained that he felt that he would be prosecuted for these threats in the Virgin Islands which would garner attention there to his murder case, in which he believes he was wrongfully convicted. The deputy marshals also intercepted an unsent letter by Nichols to the President. The letter to the President reads as follows:

> Dear Mr. President,
>
> As the head of the federal government you bare [sic] the responsibility of fault when federal judges committ [sic] crimes that are still ongoing, like the ones in my local district, the entire panel of the third circuit and three from the fourth circuit. Denying constitutionally protected rights and a series of offenses under title 18 of the United States Code are some examples. You have expressed desires to disregard said constitution to serve your purpose, this act allows others to follow suit and endanger the public.
>
> It is the opinion of others that your death will make America great again. You have indeed lost all honor and must committ [sic] seppuku to regain it. Refuse, then I'm going to kill you. See you soon.
>
> Mitchell N. Nicholas

ECF No. 23-1. It is this letter that the government wishes to introduce at trial.

The Fourth Circuit has set forth the following four-factor test for the admissibility of "bad acts" evidence under Federal Rule of Evidence 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson,* 617 F.3d 286, 296–97 (4th Cir. 2010) (quoting *United States v. Queen,* 132 F.3d 991, 997 (4th Cir.1997)). "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. McBride,* 676 F.3d 385, 397 (4th Cir. 2012).

To prove guilt under 18 U.S.C. § 876(c), the government must prove that the defendant subjectively intended the mailing as a threat and that in fact it was a "true threat" — one that a reasonable recipient who is familiar with the context of the letter would interpret as a threat. *See United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016).

*White* involved 18 U.S.C. § 875(c), but its holding as to the defendant's subjective intent also applies to § 876(c). *See United States v. Crawford*, 665 F. App'x 539, 541 (7th Cir. 2016) (unpublished) (noting that the Supreme Court's

holding in *Elonis v. United States*, 135 S. Ct. 2001, 2011 (2015), reading a mens rea requirement into § 875(c), "also applies to § 876(c)").

The other crime charged here, 18 U.S.C. § 115(a)(1)(B), unlike § 876(c), already contains an express specific intent requirement, and thus *Elonis* does not apply. *See United States v. Wynn*, 827 F.3d 778, 785 (8th Cir. 2016) (holding that *Elonis* does not apply to § 115(a)(1) because it contains the necessary mens rea required to separate wrongful conduct from innocent conduct). The government must prove in this case under § 115(a)(1)(B) that (1) the defendant made a threat to murder (2) a United States judge (3) with intent to impede, intimidate, or interfere with the judge while the judge was engaged in the performance of official duties or (4) with intent to retaliate against the judge on account of the performance of the judge's official duties. *United States v. Hinkson*, 349 F. Supp. 2d 1350, 1354 (D. Idaho 2004). As with § 876(c), the government must also prove that the threat was a "true threat." *See United States v. Armel*, 585 F.3d 182, 184–85 (4th Cir. 2009).

Nicholas argues that the evidence is unnecessary because he admits that he mailed the letters intentionally. He represents that his defense is that the letters did not contain true threats, since he was serving a life term in a prison far away from the judges. His other argument is that evidence regarding Nicholas' threat to the President would be unfairly prejudicial because, as claimed by defense counsel, "the [P]resident's ardent supporters might return a guilty verdict even when the

record evidence does not support it beyond a reasonable doubt." Mot. in Limine 3, ECF No. 23.

I find that Nichols' letter to the President generally meets the tests of 404(b). It is connected in time and nature to the conduct being prosecuted and it is probative of the necessary proof of Nichols' intent, both under § 876(c) and § 115(a)(1)(B). While I do not agree with the defendant's counsel that it is likely that some jurors' ardor for the President would cause them to disregard the instructions of the court as to the government's burden of proof, the letter does contain some quasi-political opinion by the defendant ("You have expressed desires to disregard said constitution to secure your purpose. . . . It is the opinion of others that your death will make America great again. You have indeed lost all honor. . . .) that is unrelated to the threats towards the judges and could subordinate emotion for reason in some jurors' factfinding process. For this reason, I believe that precluding the admission of the letter is appropriate, at least on this record. Of course, any motion in limine is conditional, and if circumstances at trial change the balance of admissibility, the government may request reconsideration.

It is **ORDERED** that the defendant's Motion in Limine to Preclude Improper FRE 404(b) Evidence, ECF No. 23, is GRANTED.

                                             ENTER: August 12, 2019

                                             /s/ JAMES P. JONES
                                             United States District Judge