IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

UNITED STATES OF AMERICA

    v.

MITCHELL NORBERT NICHOLAS
_____/

Case No. 2:19-CR-5

Hon. James P. Jones

## SENTENCING MEMORANDUM

Mitchell Norbert Nicholas was convicted by a jury after he challenged his guilt as to the four letter threat charges against him. The jury convicted him, though it did not hear much of the mitigating circumstances that are framed in this memorandum.

Mitchell was born in 1978 in Antigua, West Indies and immigrated to St. Thomas, Virgin Islands at age 14. He remained there until he joined the U.S. Army at age 22. He was stationed in Ft. Stewart, Georgia where he served as a M.P. He left the Army at age 25 and returned to the Virgin Islands where he worked as a boat captain making runs between St. Thomas and St. Croix.

He was convicted of First Degree Murder in 2007 in St. Thomas for killing his girlfriend, though there were no eyewitnesses and he has long maintained his innocence of those charges. He was sentenced by the Virgin Islands to life without parole. Since then, Mitchell has for many years been held not by the Virgin Islands Department of Corrections, but by the Virginia Department of Corrections under contract from the Virgin Islands. The VDOC has housed him at Red Onion State

Prison, a supermax prison a long away from his friends and family and home in the Virgin Islands. They have done so even while he attempted to challenge his murder conviction in federal court in the Virgin Islands. The federal court there never returned him for hearings as to his 2254 petition, but denied him on paper without an opportunity to explain his innocence in person.

Some of the mitigating circumstances here relate to these underlying frustrations of Mitchell as to his wrongful conviction of murder and his frustrated habeas case. Mitchell was very frustrated to say the least as to the handling of his murder case. There were irregular documents that drove the investigation and his eventual conviction. One such document was the first subpoena to Sprint, which on its face was issued on July 28, 2005-one day before his girlfriend did not report to work and was later found dead in her apartment. *See* Exhibit 1. This irregularity (even if it was only a scrivener's error) was followed by a much greater defect in the proceedings, according to Mitchell's defense team. He was arrested in the Virgin Islands and his hotel room searched by multiple law enforcement officers without his permission and without a judicial warrant. This defect was later excused by the state court system on the ground of emergency/child endangerment. This rationale, though, was at least very suspicious. Mitchell was his son's natural father and regular custodian. There were no allegations at the time, or ever, that Mitchell had ever mistreated or abused his son. This excuse, at least to his defense team, seemed only that—since the agents would have had doubtless an ability and time to get a warrant for search and arrest if they had bothered to do so.

2

Nevertheless, the search was upheld by the state court system.  The state jury used this information as well as rather broad "FRE 404(b)-style" evidence (complaints from girlfriends of the deceased that Mitchell and the deceased had a stormy relationship and that she had suffered abuse by him before the date of her murder) to convict of him of her murder. He exhausted his appeals in the state system.

Mitchell then turned to federal court in the Virgin Islands (from his prison cells in Virginia) to try to obtain relief from the wrongful conviction.  His habeas petition was duly filed in 2013 in the Virgin Islands District Court.  The case was assigned to Magistrate Judge Ruth Miller and Judge Curtis Gomez.  Mitchell made motions in the district court for an evidentiary hearing, which were denied.  *See* Ex. 2, (docket, *Nicholas v. People of Virgin Islands*, case no. 3:13-cv-00075), dkt. ## 10, 45 and 49.  This is so even though the Magistrate Judge had at least one hearing with only the Attorney General present and without Mitchell present (a show cause hearing in which the Attorney General explained the delay in answering the petition).  Ex. 2, dkt. ##30 and 47.  After the Magistrate Judge was satisfied with the briefing, on January 21, 2015, she ruled against Mr. Nicholas, dismissed his petition and denied him an evidentiary hearing.  Ex. 2, dkt. #49.  Mitchell objected to that ruling by mail, but the district court quickly adopted the ruling by Order of March 27, 2015, which order also denied him a certificate of appealability.  *Id.*  His further attempts to obtain relief in federal court have likewise been denied or otherwise frustrated.  *See id.*

The two letters in this case to the Magistrate Judge and District Judge were sent out of frustration by Mitchell and a desire by him to subject his wrongful conviction to further review by other federal authorities. One place this is very evident is the record of Mitchell's interview by the United States Marshals Service. A copy of the defense interview transcript excerpts is attached as Exhibit 3. At excerpt 3, Mitchell tells Deputy Satterwhite that he is innocent and the federal judges are committing a crime against him by keeping him in prison. *Id.* At excerpts 5 and 7, he details the problems with the above-mentioned subpoena and the defects in his arrest and search without a warrant. *Id.* Mitchell then says that he has no desire to ever see these judges again--he simply wants the court system (presumably other judges) to know that he has been done wrong in his murder case. *Id,* excerpt 10. When the deputy says that he would pass on what Mitchell has told him to others for investigation, Mitchell concludes that "I have won" and confesses this is what he truly wanted, even though the letters were "a bit harsh." *Id.* Throughout these excerpts, it is clear that Mitchell's real objective was not to threaten, but to bring light to his wrongful state conviction.

Mitchell is a proud Army veteran. His criminal history is limited and he does not fit the profile of most persons in a supermax facility. He is a well-spoken Virgin Island boat captain who has simply been pursuing his acquittal of the murder conviction, without any success, but for reasons which are at least partially laudatory. **He now knows, all to well, that future letters like this will not be tolerated and should not be sent.** He has been furnished by the defender's office

4

with the address of other innocence projects, including some in the Virgin Islands, who may wish to review his state case and offer him legal help.

 The question is what sentence here is sufficient, but not greater than necessary.  Mitchell contends that the length of the term should not exceed the guideline range **and** the term should be imposed entirely concurrent with his state conviction and sentence.  The reason is as follows.  Mitchell knows that as long as his life without parole sentence is in place he will be in state custody.  He could enter federal custody only if either (a) his Virgin Island sentence is set aside or vacated as illegal for whatever reason; or (b) he is granted clemency or commutation by the Governor of the Virgin Islands at some future date. Counsel is of the opinion that of those eventualities the most likely is the latter and that the likelihood of it is that it will happen only when Mitchell is at an advanced age—where the Governor is convinced that he no longer presents any danger to public safety.  If this is true, and counsel wagers it is, then this Court should certainly order any sentence to be concurrent so that the federal sentence does not frustrate Mitchell's eventual release at such time as the Governor determines him to not be a danger to public safety. The concurrent sentence by itself is already punishment enough because the authorities in the Virgin Islands will, in Mitchell's judgment, use that sentence as a future argument against moving him to a Virgin Islands prison facility and/or denying him eventual clemency or commutation.

For these reasons, Mitchell Norbert Nicholas asks the Court to impose a sentence of not more than the guideline range and to impose such sentence wholly concurrent to his existing state sentence.

Respectfully submitted,

Mitchell Norbert Nicholas

s/Brian J. Beck
Assistant Federal Public Defender
201 Abingdon Place
Abingdon, VA  24211
276-619-6080
brian_beck@fd.org
VSB No. 78149/MI Bar P43129

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sentencing Memorandum was electronically filed and will be forwarded to the Assistant United States Attorney, this 30th day of January, 2020.

s/Brian J. Beck